**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

DAVID LUTHER DAVENPORT,                    )
                                           )
                         Plaintiff,        )
            vs.                            )            1:07-cv-1122-DFH-WTL
                                           )
DR. KALU, et al.,                          )
                         Defendants.       )

**Entry Discussing Motion to Dismiss**

**I.**

The defendants' motion to dismiss (dkt. 22) based on their argument that the statute of limitations has expired must be **denied** because when there is a continuing violation, plaintiff's cause of action accrues on the date of the last injury. "[T]he usual and it seems to us the correct characterization of the doctrine of continuing violation is that it is a doctrine governing accrual, not a tolling doctrine, because we don't want the plaintiff to sue before the violation is complete. Tolling rules create defenses; they are optional with the plaintiff; he can sue as soon as his claim accrues. We therefore delay the accrual date when, quite independent of the plaintiff's wishes, we want to delay his right to bring suit." *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001)(internal citations omitted).

**II.**

The parties shall have **through June 20, 2008,** in which to file any dispositive motion, including any motion for summary judgment.

No case management plan need be submitted in this action unless ordered in the future.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   3/28/2008

Distribution:

James F. Bleeke
SWEETIN & BLEEKE PC
jim.bleeke@tycolaw.com

Jeb Adam Crandall
SWEETIN & BLEEKE PC
jeb.crandall@tycolaw.com

David Luther Davenport
DOC #904991
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838